**W. E. CHALKLEY, Appellant,**

v.

**Robert F. ASHLEY et al., Appellees.**

**No. 16581.**

Court of Civil Appeals of Texas.

Dallas.

June 25, 1965.

Van Ballew, Dallas, for appellant.

June R. Welch, Dallas, for appellees.

DIXON, Chief Justice.

W. E. Chalkley has appealed from a summary judgment against him in the amount of $999.93 in favor of appellees Ashley and Welch, attorneys at law. The judgment is for the reasonable value of legal services rendered and for monies advanced to appellant by appellees. Also included in the judgment is the amount of $128 as attorney's fee incurred by appellees in employing another attorney to bring this suit.

Suit was filed October 1, 1964. Appellant answered November 6, 1964 by general denial. On November 9, 1964 appellees filed their motion for summary judgment. Hearing on the motion was set for December 4, 1964.

■ The hearing was held December 4, 1964. Appellees offered two affidavits in support of their motion for summary judgment. The factual recitations in these affidavits are sufficient to make out a case in favor of appellees. Appellant, though he appeared at the hearing by attorney, had not filed any opposing affidavits, therefore appellees' affidavits must be accepted as true. Summary judgment was accordingly rendered in favor of appellees on December 4, 1964.

The only complaints made by appellant in two points on appeal are that he was not given notice ten days in advance of the hearing as required by Rules 21a and 166–A(c), Texas Rules of Civil Procedure.

In the transcript on appeal there appears a copy of an affidavit by appellant's attorney.[1] But this affidavit was filed with the County Clerk on January 7, 1965, thirty-four days after the rendition of judgment on December 4, 1964.

In his belated affidavit and in his brief appellant says that on November 10, 1964 appellees mailed to appellant's attorney a registered letter, return receipt requested, notifying him of the setting of the hearing

for December 4, 1964. Appellant's attorney was out of the city when the postman attempted to deliver the letter, so delivery was not made. The attorney did not return to the city until December 1, 1964. Meantime appellees' registered letter had been returned to appellees by the Post Office Department. It is undisputed that the letter had been sent to the last known and correct address of appellant's attorney as shown on appellant's pleading filed November 9, 1964.

Appellant further says that upon his return to his office on December 1, 1964, he found two unregistered letters from appellees. One dated November 23, 1964 contained copies of appellees' affidavits supporting their motion for summary judgment. The other dated November 30, 1964 advised appellant's attorney that the hearing was set for December 4, 1964.

When the motion came on for hearing on December 4, 1964 appellant appeared by his attorney and announced not ready for trial. But he did not comply with Rule 166–A(f), T.R.C.P. by filing with the trial court an affidavit that he could not "for reasons stated present by affidavit facts essential to justify his opposition * * *." And he did not file with the trial court a motion for a continuance of the hearing to permit affidavits to be obtained.

■ There is no merit in appellant's two points on appeal. His affidavit asserting that he had received less than ten days' notice of the hearing cannot be considered because it was not filed until thirty-four days after judgment had been rendered on December 4, 1964.

■ Further, appellant's attorney was actually notified several days before the hearing and appeared at the hearing in appellant's behalf. By not filing the affidavit referred to in Rule 166–A(f) and by not filing a motion for a continuance on

---

1. The attorney who represents appellant on this appeal did not represent him prior to or at the hearing on the motion for summary judgment.

December 4, 1964 appellant waived any right to complain that he had received less than ten days' notice.

Still further, appellees complied with Rule 21a by mailing on November 10, 1964 a registered letter of notification to appellant's attorney at the attorney's address as shown on "Defendant's Original Answer" filed November 6, 1964.

Appellant's two points on appeal are overruled. The judgment of the trial court is affirmed.

Affirmed.