**SURETY INSURANCE COMPANY OF CALIFORNIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53437.**

Court of Criminal Appeals of Texas.

Oct. 5, 1977.

Joseph (Sib) Abraham, Jr., Charles Louis Roberts and Duane A. Baker, El Paso, for appellant.

Tully Shahan, Dist. Atty., Del Rio, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

PHILLIPS, Judge.

This is a bond forfeiture proceeding wherein final judgment was entered pursuant to the granting of the State's motion for summary judgment and appellant seeks to set aside the summary judgment and obtain a hearing on the merits. Specifically, appellant contends the trial court erred in (1) granting appellee's motion for summary judgment because appellant was denied notice of the summary judgment proceeding and opportunity to be heard and (2) not considering appellant's answer to the State's motion for summary judgment and (3) not setting aside the summary judgment.

The circumstances surrounding the instant case are as follows:

1. On November 19, 1975, judgment nisi was entered against the principal, Dennis G. Dean, for failure to appear on November 14, 1975, and against appellant surety, Surety Insurance Company of California;

2. Citation was issued November 19, 1975, and was served on appellant surety through its registered agent, Irwin Salmanson, in Travis County on February 13, 1976;

3. On March 17, 1976, the State filed a motion to set a hearing on a motion for summary judgment, and the court ordered a hearing for April 14, 1976, at 1:30 p. m. The certificate of service reflects that a copy of this motion and order was mailed to Irwin Salmanson on March 22, 1976;

4. A general denial as an original answer to the judgment nisi was filed on April 2, 1976, by Joseph (Sib) Abraham, Jr., as attorney for appellant surety;

5. The plaintiff's motion for summary judgment was filed April 2, 1976, and a hearing on the motion was set for May 21, 1976, at 10:00 a. m. This is the only recorded copy of the motion for summary judgment which appears in the record. The certificate of service dated April 7 and file marked that day shows a copy of the motion for summary judgment which contained notice of the May 21 hearing was sent to Mr. Arturo Gonzalez in Del Rio, Texas, who was attorney for principal Dean;

6. Appellant's answer to the motion for summary judgment was filed in Val Verde County at 11:05 a. m. May 21;

7. On May 21, 1976, the trial court granted the State's motion for summary judgment and the order so holding was signed and filed on June 3, 1976. The order recites the trial court did not consider the appellant's Answer to Plaintiff's Motion for Summary Judgment because same was not filed at least one day prior to the date of the hearing.

Appellant contends the trial court abused its discretion in not considering the Answer to the Motion for Summary Judgment and the trial court erred in granting the motion for summary judgment because the State did not comply with the requirements of Rule 166–A, Texas Rules of Civil Procedure.

Rule 166–A provides in part:

"(c) Motion and Proceedings Thereon. The motion for summary judgment shall state the specific grounds therefor. The motion shall be served at least ten days before the time specified for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. No oral testimony shall be received at the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The right to summary judgment exists only by virtue of Rule 166–A, supra, and a movant must comply with all of the terms of the rule in order to be entitled to its benefits. *Tobin v. Garcia*, 159 Tex. 58, 316 S.W.2d 396 (1958); *Kain v. Neuhaus*, 515 S.W.2d 45 (Tex.Civ.App.1974, no writ history). Rule 166–A(c) requires a motion for summary judgment be served at least ten days before the date of the hearing on the motion. It has been held that a party may waive the ten day notice requirement if he receives notice and appears at the summary judgment hearing and does not request additional time or a continuance and does not file an affidavit under Rule 166–A(f), Texas Rules of Civil Procedure. *Carr v. Densford*, 477 S.W.2d 644 (Tex.Civ. App.1972, no writ history); *Bellah v. First National Bank of Hereford*, 474 S.W.2d 785 (Tex.Civ.App.1971, writ ref'd n. r. e.); *Chalkley v. Ashley*, 392 S.W.2d 752 (Tex. Civ.App.1965, no writ history). A party with at least ten days' notice of the hearing date on a motion for summary judgment may not be heard to complain on appeal because the motion for summary judgment and order setting the hearing are filed less than ten days before the hearing. *Bowser v. Coca-Cola Company*, 509 S.W.2d 688 (Tex.Civ.App.1974, writ ref'd n. r. e.). See also *Swinford v. Allied Finance Company of Casa View*, 424 S.W.2d 298 (Tex.Civ.App. 1968, writ dism'd, cert. denied 393 U.S. 923, 89 S.Ct. 253, 21 L.Ed.2d 259).

Appellant contends he did not receive notice of the May 21 hearing and has never been served with a copy of the State's motion for summary judgment, although appellant, in his brief, concedes on May 18 he received informal notice that a motion for summary judgment had been filed. There is nothing in the record to show appellant ever received notice of the summary judgment hearing on May 21. We do not agree with appellee's contentions that notice to Irwin Salmanson of the April 14 hearing constituted notice of the May 21 hearing and that appellant's act in mailing an answer to the motion for summary judgment on May 18 shows appellant had notice of the May 21 hearing. We cannot consider exhibits A through G attached to appellee's brief as these papers are not part of the official record and do not constitute a supplemental transcript under Rule 428, Texas Rules of Civil Procedure. See *Phillips v. Latham*, 523 S.W.2d 19 (Tex.Civ.App.1975, writ ref'd n. r. e.). The record shows appellee did not comply with the ten day notice requirement of Rule 166–A(c) and appellant has not waived the right to complain that he did not receive notice. The issue now before us is whether such noncompliance renders the summary judgment proceeding invalid.

In view of appellant's absence from the May 21 hearing and the trial court's refusal to consider appellant's answer to the motion for summary judgment, appellant has not been given an opportunity to be heard, to defend and assert his interest, and to present his objections to the summary judgment proceeding. Under these circumstances, we conclude that appellant has not been afforded due process of law. *Read v. Gee*, 551 S.W.2d 496 (Tex.Civ.App.1977); *Ex parte Sturdivant*, 551 S.W.2d 144 (Tex. Civ.App.1977). The want of due process renders the summary judgment proceeding a nullity and the order granting the motion for summary judgment invalid.

Appellee contends the error in failing to comply with Rule 166–A(c) is harmless in view of the fact that appellant filed a gen-

eral denial to the judgment nisi. We are not here concerned with the validity of the final judgment except insofar as judgment was entered pursuant to a summary judgment proceeding at which appellant was not present and to which appellant was not afforded the opportunity to present his objections. The fact that a final judgment may again be entered against appellant cannot defeat appellant's expectations of due process.

The judgment is reversed and the cause remanded.

ROBERTS and ODOM, JJ., concur in the results.