Harris E. LOFTHUS, Appellant,

v.

The STATE of Texas, Appellee.

No. 8999.

Court of Civil Appeals of Texas, Amarillo.

Oct. 16, 1978.

Rehearing Denied Nov. 6, 1978.

Ochsner & Baughman, Harold W. Ochsner, Amarillo, for appellant.

Gary McNeil, Asst. Gen. Counsel, State Bar of Texas, Austin, for appellee.

### PER CURIAM.

The State Bar of Texas Grievance Committee for District 13 instituted formal disciplinary proceedings against Harris E. Lofthus, an attorney, for alleged violations of the Code of Professional Responsibility. The trial court granted the State's motion for partial summary judgment[1] and suspended Lofthus from the practice of law for ten months. Lofthus appeals from this judgment. Affirmed.

The State's motion for partial summary judgment and the affidavits in support thereof were filed on May 17, 1978. A copy of this motion was delivered to Lofthus by certified mail. On May 18, 1978, an order was signed which set the hearing on the motion for July 6, 1978, at 9 a. m. Lofthus maintains in his only point of error that he never received notice of this hearing in accordance with Rule 166–A(c) of the Texas Rules of Civil Procedure[2] and therefore the trial court erred by holding the hearing.

Counsel for Lofthus appeared in court on July 6, 1978, the date set for hearing, and counsel concedes that he was given until July 10, 1978, to file affidavits. Neither affidavits nor any request for additional time by way of motion for continuance or otherwise were filed by July 10. The court's docket entry for that date recites that Lofthus "offered no evidence" and that summary judgment was rendered. The judgment recites that argument by counsel for defendant was heard on July 10. No bills of exception were made. No motion for new trial was filed.

Approximately one month after the July 10 proceedings, Lofthus filed affidavits averring that he had no advance notice of the hearing. These affidavits filed subsequent to the hearing cannot be considered. *See Chalkley v. Ashley*, 392 S.W.2d 752, 753 (Tex.Civ.App.—Dallas 1965, no writ). Beyond that, the lack of advance notice of the hearing date does not necessarily vitiate the judgment. Where, as here, counsel appears on the day of the hearing and is given an opportunity to file affidavits opposing the motion for summary judgment and fails to do so, or to move for additional time, the party may not successfully challenge the summary judgment solely on the ground that he had no advance notice of the hearing date. *Chalkley v. Ashley, supra* at 753.

Accordingly, appellant's only point of error must be overruled, and in the absence of any other challenge to the summary judgment rendered, the judgment of the trial court is affirmed.

---

1. This judgment granted the State's motion for voluntary nonsuit as to the other counts alleged against Lofthus.

2. The pertinent part of this rule provides that: "Except on leave of court, the motion [for summary judgment] shall be served at least twenty-one days before the time specified for the hearing."