**Ex parte Armando J. FERNANDEZ, Relator.**

No. 08–82–00361–CV.

Court of Appeals of Texas, El Paso.

Jan. 12, 1983.

Sam Snoddy, El Paso, for appellant.

Larry Y. Schwartz, Schwartz, Earp, McClure, Cohen & Stewart, El Paso, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

PER CURIAM.

This is an original habeas corpus proceeding brought under Tex.Rev.Civ.Stat.Ann. art. 1824a (Vernon's Supp.1982). On December 28, 1982, Armando J. Fernandez was committed to the El Paso County Jail for contempt of court in failing to make child support payments, and in failing to return certain property pursuant to temporary orders of September 22, 1982.

Punishment was assessed at a fine in the amount of $500 and six months confinement on each count, to run concurrently. The trial judge ordered that the Relator could purge himself of contempt by doing the following: (1) immediately paying $1,250.00 for back support into the Registry of the Court; (2) immediately returning the television set, pool table lamp, and St. Francis of Assisi statue to 6120 Simpia, El Paso, Texas; (3) paying $380 in attorney fees immediately into the Registry of the Court; and (4) in the event a Habeas Corpus is filed, paying $750 as reasonable attorney fees into the Registry of the Court. Relator is presently free on personal bond pending review by this Court.

We deny the writ, and order Relator remanded to the custody of the Sheriff of El Paso County, subject to his compliance with that valid portion of the Order of Contempt affording Relator the opportunity to purge himself, as indicated below.

Relator asserts five grounds for relief. First, he argues that since his motion for the trial judge to recuse himself pursuant to Tex.Rules Civ.Proc. Rule 18a was denied, the trial judge's subsequent order detaining Relator was illegal. See Rule 18a(c) and (d). Relator's contention is without merit. Rule 18a(a) states that a motion to recuse is to be filed at least ten days before a hearing. Rule 18a(e) states that if a judge is assigned to a case within ten days of a hearing, the motion shall be filed at the earliest practicable time *prior to the commencement* of the hearing. Relator states, in the Relator's First Amended Petition for Writ of Habeas Corpus, that he filed a verbal motion to recuse at the *conclusion* of the contempt hearing. The motion was not timely filed. Ground of Relief No. One is denied.

In his second ground, Relator contends that the order of the court is void for the reason that it is vague. We disagree. To be enforceable, an order must be unequivocal and unambiguous. *Ex Parte Slavin,* 412 S.W.2d 43 (Tex.1967). Relator complains that the word "immediately" is an indefinite term. "Immediately" is defined by Webster's Third International Dictionary as "without interval of time, without delay." Although it would have been better to specify a particular time, the word "immediately" is unequivocal in meaning. The trial judge obviously meant right at that time. Relator also argues that payment into the "Registry of the Court" is vague, as no address is given. It is not uncommon procedure for payments to be made into the Registry of the Court. The heading on the Order of Contempt states that it is in the 243rd District Court of El Paso County, Texas. This is sufficiently unambiguous to place Relator on notice as to place of payment. Ground of Relief No. Two is denied.

In his third ground, Relator contends that he was entitled to three days notice of the contempt hearing pursuant to Tex.Rules Civ.Proc. Rule 21 (Vernon's Supp. 1982). Relator, in his petition, claims that he was hand-delivered a copy of a "Third Amended Motion for Contempt" on the morning he appeared for a hearing on the final divorce decree. A hearing on contempt commenced. In his First Amended Petition for Writ of Habeas Corpus, Relator also claims to have objected to this lack of timely notice. However, there is no record of this objection, nor is there a motion for continuance in the record before this Court. Relator has presented nothing for review. *Richardson v. Raby,* 376 S.W.2d 422 (Tex. Civ.App.—Tyler 1964, no writ). Ground of Relief No. Three is denied.

In his fourth ground of relief, Relator contends that the trial court ordered support for David Fernandez, who is not a minor. The temporary orders of September 22, 1982, order Relator to "pay to Mary Jane Fernandez for the support of David Fernandez and Sarah Jane Fernandez the sum of $450.00 per month." Mary Jane Fernandez, in her Original Petition, has judicially admitted the birthday of David to be August 8, 1963. That would make him 19 years of age at the time of the September 22, 1982, temporary order of support. Relator argues that contempt is not available to enforce provisions of an order the Court is without authority to render.

It is no defense to a contempt charge that the order disobeyed is erroneous, no matter how flagrant it may be. However, if it appears from the record that the court exceeded its jurisdiction, the order is void, and it cannot support the contempt charge. *Garza v. Fleming,* 323 S.W.2d 152 (Tex.Civ.App.—San Antonio 1959, writ ref'd n.r.e.). Tex.Fam.Code Sections 14.-05(a) and 14.09(b), when considered together, limit the judicial power of the court to order Relator to pay child support until a child reaches the age of eighteen years, but not beyond. *In Re Cobble,* 592 S.W.2d 46 (Tex.Civ.App.—Tyler 1979, writ dism'd).

There is no evidence that Section 14.05(b) is applicable in this case. That part of the temporary orders ordering support for David is invalid.

 The invalidity of one portion of an order does not relieve the Relator of compliance with the valid portion. *Ex parte Mabry,* 122 Tex. 54, 52 S.W.2d 73 (1932). However, the order for child support does not allocate specific dollar amounts to David and Sarah Jane Fernandez. It is not possible to determine how much of the $450 per month child support is invalid; thus, we must find the entire child support order void.

We further find the order requiring Relator to pay into the Registry of the Court the sums of $380 and $750 to be void. As a general rule, the collection of attorney's fees by contempt proceedings is not allowed. An exception to this rule, however, is the collection of attorney's fees to recover child support payments. See *Ex parte Quevedo,* 611 S.W.2d 711 (Tex.Civ. App.—Corpus Christi 1981, no writ) and cases cited therein; Tex.Rules Civ.Proc. Rule 308–A. Since the underlying child support order is void, Rule 308–A is inapplicable. Any attorney's fees based upon that void order must also be void. Ground of Relief No. Four is granted.

In his fifth ground of relief, Relator contends that the temporary orders entered on September 22, 1982, did not contain certain warnings required by Tex.Fam. Code Section 71.16(a). We find that Chapter 71 of the Tex.Fam.Code is not applicable to the temporary orders of September 22, 1982. Ground of Relief No. Five is denied.

As discussed above, the invalidity of one portion of an order does not relieve the Relator of compliance with the valid portion. *Mabry, supra.* The void order of child support is severable from the order requiring Relator to return the described property.

Therefore, Relator's application for Habeas Corpus is denied, and he is ordered remanded to the custody of the Sheriff of El Paso County, Texas. His confinement is subject to his compliance with that valid portion of the December 28, 1982, Order of Contempt requiring return of specified personal property and affording Relator the opportunity to purge himself by immediately returning the television set, pool table lamp, and the St. Francis of Assisi statue to 6120 Simpia, El Paso, Texas.

Writ denied.