**Chauncey PRADE d/b/a Capco and Capco Contractors, Inc., Appellants,**

v.

**Matthew HELM and Foundation Mechanical, Inc., Appellees.**

No. 05–86–00309–CV.

Court of Appeals of Texas, Dallas.

March 4, 1987.

Carl A. Generes, Irving, for appellants.

Lewis T. LeClair, Dallas, for appellees.

Before HOWELL, ROWE and LAGARDE, JJ.

LAGARDE, Justice.

Capco Contractors, Inc. and Chauncey Prade (collectively "Capco") sued Matthew Helm and Foundation Mechanical, Inc. (collectively "Helm") and Helm counterclaimed. After a hearing on a motion for discovery sanctions against Capco, at which Capco's attorney appeared, the trial court dismissed Capco's claims with prejudice for abuse of discovery. The case proceeded to trial on Helm's claims, resulting in a judgment for Helm. On appeal, Capco contends that the trial court abused its discretion in dismissing Capco's claims because Capco did not receive timely notice of the sanctions hearing. We hold that Capco failed to preserve the point for review. Consequently, we affirm.

On February 22, 1985, Helm filed a request for production of documents, a notice to take Prade's deposition on March 7,

1985, and a set of interrogatories. At Capco's request, Prade's deposition was rescheduled for March 27, 1985. However, as Helm alleged in its motion for sanctions, neither Prade nor Capco's attorney of record appeared for the deposition on March 27. As a result of Prade's failure to appear for the deposition, and as a result of Capco's failure to comply with Helm's discovery requests in general, Helm filed a motion to compel discovery and for sanctions on April 2, 1985. The certificate of service on the motion recites that Helm mailed a copy of the motion to Capco's attorney of record by certified mail on April 2, 1985. On April 5, 1985, the trial court held a hearing on the motion for sanctions. At the conclusion of this hearing, the trial court announced that Capco's claims were dismissed with prejudice for abuse of discovery.

After the trial court entered a formal order dismissing Capco's claims, Capco filed two motions for reinstatement of its claims. In both motions, Capco alleged that it did not receive proper notice of the sanctions hearing under rules 21 and 21a of the Texas Rules of Civil Procedure.[1] The trial court overruled each motion, and the case proceeded to trial on Helm's claims.

In its sole point of error, Capco contends that the trial court abused its discretion in dismissing Capco's claims. Under rule 215, the trial court had discretion, after notice and a hearing, to dismiss Capco's claims for failure to comply with proper discovery requests. TEX.R.CIV.P. 215(2)(b)(5). Capco does not complain about the severity of the sanction imposed. Rather, Capco argues that the trial court abused its discretion by proceeding with the hearing on the motion for sanctions because Capco did not receive sufficient notice of the hearing under rules 21 and 21a.[2] Therefore, Capco contends that it was not afforded an adequate opportunity to prepare for and to respond to the allegations in the motion. We do not decide whether Capco received sufficient notice of the hearing, because Capco has not preserved its complaint for review.

In *Ex parte Fernandez*, 645 S.W.2d 636 (Tex.App.—El Paso 1983, orig. proceeding), the relator contended that he was hand-delivered a copy of a motion for contempt on the morning of the contempt hearing and thus, he did not receive three days notice of the hearing as is required by rule 21. The court held that relator had not preserved the point for review because the record contained neither an objection to the lack of timely notice nor a motion for continuance. *See, id.* at 638. Capco argues that *Fernandez* is distinguishable from the present case because here, Capco's attorney called the court's attention to the lack of timely notice at the hearing, excepted to the trial court's ruling at the hearing, and alleged untimely notice in post-hearing motions to reinstate its claims. We cannot agree.

■ Rule 52 of the Texas Rules of Appellate Procedure provides:

> In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, *stating the specific grounds for the ruling* he desired the court to make if the specific grounds were not apparent from the context. *It is also necessary for the complaining party to obtain a ruling upon the party's* request, *objection* or motion.

TEX.R.APP.P. 52 (emphasis added). In light of rule 52 and the *Fernandez* holding, we hold that in order to preserve a complaint of untimely notice under rules 21 and 21a, a complaining party who appears at the hearing must: 1) object on specific grounds that the notice requirements of rules 21 and 21a have not been met; 2) request additional time to prepare for the hearing—either by moving for a continu-

---

1. Unless otherwise specified, all rule references are to the Texas Rules of Civil Procedure.

2. Rule 21 requires that a party receive three days notice of a hearing on any motion not presented during a hearing or trial. TEX.R. CIV.P. 21. Rule 21a provides that "[w]henever a party ... is required to do some act or take some proceedings within a prescribed period after the service of a notice ... and the notice is served upon him by mail, three days shall be added to the prescribed period." TEX.R.CIV.P. 21a.

ance, by requesting that the hearing be reset, or otherwise; and 3) obtain a ruling by the court on each objection or request.[3]

Here, Capco's only attorney of record appeared at the sanctions hearing and made the following remarks:

> Your Honor, [Mr. G] is supposedly in route, he is new counsel. Neither he nor I have seen a copy of this motion until this morning. I just discovered its existence when he called opposing counsel yesterday afternoon about 3 o'clock and I'm nowhere ready to go. It had been my understanding that [Mr. G] was handling these matters.

Additionally, at the conclusion of the hearing, and after the trial court had announced its ruling that Capco's claims be dismissed, Capco's attorney of record stated: "Note our exception." At best, the above remarks by Capco's attorney generally informed the trial court of when Capco received actual notice of the sanctions hearing and that Capco was not prepared for the hearing. The remarks constitute neither a specific objection to untimely notice nor a request for additional time to prepare for the hearing. Furthermore, even if Capco's remarks could be construed as either an objection to untimely notice or as a request for additional time to prepare, Capco failed to obtain a ruling from the trial court. Therefore, no error is preserved. *See* TEX.R.APP.P. 52.

Finally, because Capco appeared at the hearing and waived any notice complaint, we further hold that the objections contained in the motions for reinstatement of claims filed by Capco months after the hearing are likewise insufficient to preserve the notice issue for review. *Cf. Chalkley v. Ashley*, 392 S.W.2d 752, 753–54 (Tex.Civ.App.—Dallas 1965, no writ) (affi-

davit filed after a summary judgment hearing and alleging lack of proper notice of the hearing cannot be considered where the complaining party appeared at the hearing and waived any notice complaint); *Lofthus v. State*, 572 S.W.2d 799, 800 (Tex.Civ.App. —Amarillo 1978, writ ref'd n.r.e.) (following *Chalkley v. Ashley*). Accordingly, Capco has failed to preserve its notice complaint for our review. Judgment of the trial court is affirmed.

Affirmed.

## JUDGMENT

In accordance with this court's opinion of this date, the judgment of the trial court is AFFIRMED. It is ORDERED that appellees, Matthew Helm and Foundation Mechanical, Inc., recover their costs of this appeal from appellants, Chauncey Prade d/b/a Capco and Capco Contractors, Inc., and from the cash deposit in lieu of an appeal bond filed with the District Clerk.

---

3. Our holding is limited to those situations where the party complaining of untimely notice appeared at the hearing. For a case involving a rule 21 notice complaint where the complaining party did not appear at the hearing, *see Martinez v. General Motors Corp.*, 686 S.W.2d 349 (Tex. App.—San Antonio 1985, no writ). We also note that where a party is complaining either that notice sent by mail was not received or that it was not received within three days from the date of deposit, rule 21a provides:

Nothing herein shall preclude any party from offering proof that the notice or document was not received, or, if service was by mail, that it was not received within three days from the date of deposit in a post office or official depository under the care and custody of the United States Postal Service, and upon so finding, the court *may* extend the time for taking the action required of such party or grant such other relief as it deems just.

TEX.R.CIV.P. 21a (emphasis added).