IN THE COURT OF CRIMINAL APPEALS

                                   OF TEXAS

 

                                                                              

                                                                NO.
AP-75,207



 

 

                              EX PARTE JOSE ERNESTO MEDELLIN, Applicant

 

 



                          ON APPLICATION FOR A WRIT OF HABEAS CORPUS

                        CAUSE NO.
675430 FROM THE 339TH DISTRICT COURT

                                                          OF
HARRIS COUNTY



 

Cochran, J., filed a concurring
opinion, in which Johnson, and
Holcomb, JJ., joined.

 

                                                     O
P I N I O N 

 








I join all of the Court=s opinion except for Section IIIB
dealing with the Presidential Memorandum. 
I am unable to conclude that a memorandum from the President to his
Attorney General constitutes the enactment of federal law that is binding on
all state courts.  This memorandum,
discussing compliance with the decision of the International Court of Justice
in Avena, looks much more like a memo than a law.  The Solicitor General, in his amicus brief,
has attached a copy of the President=s memo, entitled AMemorandum for the Attorney
General[,]@ as well as a copy of a letter
written by Attorney General Alberto R. Gonzales to The Honorable Greg Abbott,
the Attorney General of the State of Texas, discussing that memo.  We normally do not consider documents that
are attached to briefs for the truth of the matters contained within them.[1]  But of course this Court may always take
judicial notice of laws because laws are printed and promulgated in official
government volumes and are readily available to any interested member of the
public.[2]  













Presidential proclamations and
Executive orders, except those which do not have general applicability and
legal effect or are effective only against federal agencies, are drafted,
reviewed, and promulgated in a specific manner and then published in the
Federal Register.[3]  This memo is not written in the manner
prescribed for Presidential Proclamations or Executive Orders.  It is written in a private memo style.  I am unable to find a copy of this memo
published in the Federal Register.  In
fact, the only public publication of this memo that I can find is on the White
House Press Release Internet website.[4]  I cannot accept the proposition that binding
federal law, either through Congressional enactment or Executive Order, can be
accomplished through a Presidential press release of a private memorandum
directed to the Attorney General.  Thus,
I cannot accept the premise that the President=s memo to his Attorney General is
federal law that could supercede and obviate a clear and explicit Texas
statute.[5]  Thus, I find it unnecessary to undertake a
separation of powers analysis as does the majority.

 

Filed:  November 15, 2006

Publish











[1]
See Ex parte Simpson, 136 S.W.3d 660, 668 (Tex. Crim. App. 2004) (AThere is no provision in article 11.071
that permits either the State or the habeas applicant to submit original
evidence directly to this Court. 
Evidentiary affidavits, letters, transcripts, or other documents relating
to a habeas claim should not be attached to motions or briefs, and they shall
not, and will not, be considered by this Court.@)
Surety Ins. Co. of Cal. v. State, 556 S.W.2d 329, 331 (Tex. Crim. App. 1977)
(exhibits attached to a brief cannot be considered Aas
these papers are not part of the official record@);
Ex parte Schoen, 460 S.W.2d 923, 925
(Tex. Crim. App. 1970) (supporting papers pertaining to an extradition
cause, attached to a document in the appellate record, are not properly before
the court because they were not introduced during the habeas proceeding).





[2]  See Plaster v. State, 567 S.W.2d 500,
502 (Tex. Crim. App. 1978); Mosqueda v. Albright Transfer & Storage Co.,
320 S.W.2d 867, 876 (Tex. Civ. App.BFort
Worth 1959, writ ref=d
n.r.e.) (op. on reh=g).  In Mosqueda, the court of civil
appeals suggested that Texas courts

must take judicial notice of the laws
of the United States, including all the public acts and resolutions of Congress
and proclamations of the president thereunder. Administrative rules adopted by
boards, departments, and commissions pursuant to federal statutes are also matters
of judicial knowledge.  When such
regulations are published in the Federal Register a federal statute provides
that their contents shall be judicially noticed. 

Id. (quoting Roy R. Ray & William F. Young, Jr., Texas
Law of Evidence Civil and Criminal '
172 (2d ed. 1956)).





[3]
See generally 44 U.S.C. '
1505(a)(1) (ADocuments
having general applicability and legal effect means any document issued under
proper authority prescribing a penalty or course of conduct, conferring a
right, privilege, authority, or immunity, or imposing an obligation, and
relevant or applicable to the general public, members of a class, or persons in
a locality, as distinguished from named individuals or organizations . . .@). 
The Presidential Executive Order of September 9, 1987, stipulates the
manner in which proposed Executive orders and proclamations are to be prepared,
printed, and published:  these
requirements include: 

(g) Proclamations issued by the
President shall conclude with the following described recitation--AIN WITNESS WHEREOF, I have hereunto set
my hand this -------- day of -------, in the year of our lord --------, and of
the Independence of the United States of America, the --------.

. . .

Sec. 2. Routing and approval of
drafts. 

(a) A proposed Executive order or
proclamation shall first be submitted, with seven copies thereof, to the
Director of the Office of Management and Budget, together with a letter, signed
by the head or other properly authorized officer of the originating Federal
agency, explaining the nature, purpose, background, and effect of the proposed
Executive order or proclamation and its relationship, if any, to pertinent laws
and other Executive orders or proclamations.(b) If the Director of the Office
of Management and Budget approves the proposed Executive order or proclamation,
he shall transmit it to the Attorney General for his consideration as to both
form and legality.. . . Sec. 3. Routing and certification of originals and
copies. (a) If the order or proclamation is signed by the President, the
original and two copies thereof shall be forwarded to the Director of the
Office of the Federal Register for publication in the Federal Register.(b) The
Office of the Federal Register shall cause to be placed upon the copies of all
Executive orders and proclamations forwarded as provided in subsection (a) of
this section the following notation, to be signed by the Director or by some
person authorized by him to sign such notation: 
ACertified
to be a true copy of the original.@

 





[4]
http://www.whitehouse.gov/news/releases/2005/02/20050228‑18.html.





[5]
Ironically, the very law that the President=s
memo would supercede, article 11.071 of the Texas Code of Criminal Procedure,
is a legislative enactment that the President, while Governor of the State of
Texas, signed into law on June 7, 1995.  See
AThe Habeas Corpus Reform Act,@ 74th Leg., R.S., ch.319, ' 1, 1995 Tex. Gen. Laws 2764.