**AFFIRM; and Opinion Filed December 5, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01367-CV

### FIVE THOUSAND NINE HUNDRED AND SEVEN DOLLARS ($5,907) IN UNITED STATES CURRENCY, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-06641**

## MEMORANDUM OPINION
Before Justices Francis, Myers, and Brown
Opinion by Justice Francis

Noe Delarosa appeals the trial court's judgment, which found $5,907 in United States currency to be contraband and subject to forfeiture. The money was seized from Delarosa by police following his arrest for possession of a controlled substance. Delarosa contends the State failed to establish probable cause that a substantial connection exists between the $5,907 and the untried possession offense. We affirm.

The officers who stopped and arrested Delarosa testified at the forfeiture trial. They stopped him as he was driving through downtown Dallas because the music being played in his vehicle was so loud it was "echoing through downtown" and causing a disturbance. Officers identified Delarosa, determined that he had a number of outstanding warrants, and arrested him. When asked if there was anything in the vehicle that the police needed to know about, Delarosa

stated he had some weed in a black backpack. In fact, the backpack found in the vehicle contained marijuana in several baggies, a large number of empty baggies (including 76 "dime" bags used in the sale of crack cocaine), log sheets for narcotics transactions, a scale, measuring spoons, and the $5,907. The scale contained cocaine residue; the spoons and some of the bags contained marijuana residue.

Delarosa was in federal custody on an unrelated offense at the time of trial. He testified by telephone, stating that after he was placed under arrest and handcuffed, the officers searched him and took nearly $6,000 from his pockets. He testified that he was carrying that large amount of cash because he was working "some pretty big jobs" close to where he was pulled over, and he had just been paid. Delarosa also said he had corresponded with his customers and his lawyer to obtain proof that the cash he was carrying that day was payment for work he had performed. He testified that his lawyer had documentation from those customers, and he had been counting on his lawyer to handle the trial for him. But Delarosa was not represented at the forfeiture trial.

In rebuttal, the State re-called the arresting officer, who testified that no money was taken from Delarosa's pockets when he was arrested.

The State argued the evidence seized from Delarosa's backpack established that he was selling both cocaine and marijuana. According to the State, the proximity of the cash to the drugs and drug paraphernalia established that the cash was drug money—earned by selling cocaine and marijuana—that should be forfeited.

Delarosa told the trial court he would present evidence to show the money was legitimately earned. However, our record does not include a motion for new trial or any other post-judgment filing in the trial court whereby such evidence could have been presented to the trial court. Delarosa did attach to his notice of appeal two letters from businesses confirming that he had worked for them doing general contract work and that they had paid him a total of

$7,700. However, these letters are not part of our record, and we may not consider them in our review. *See Perry v. Kroger Stores Store No. 119,* 741 S.W.2d 533, 534 (Tex. App.—Dallas 1987, no writ) (documents attached to brief cannot be considered); *see also Watts v. Hancock,* No. 05-12-01635-CV, 2014 WL 2807955, at *2 (Tex. App.—Dallas June 18, 2014, no pet.) (documents attached to notice of appeal cannot be considered).

Property that is contraband is subject to seizure and forfeiture. TEX. CODE. CRIM. PROC. ANN. art. 59.02(a) (West Supp. 2014). The statutory definition of contraband includes any property used or intended to be used in the commission of a felony under chapter 481 of the Texas Health and Safety Code, the Texas Controlled Substances Act. TEX. CODE. CRIM. PROC. ANN. art. 59.01(2)(B)(i). Possession of marijuana greater than four ounces is a state jail felony for which the forfeiture statute applies. *See id.*; TEX. HEALTH & SAFETY CODE ANN. § 481.121 (West 2010). In a forfeiture proceeding, the burden is on the State to establish there was probable cause to seize the property; in this context, probable cause is a reasonable belief that a substantial connection exists between the property to be forfeited and criminal activity defined by statute. *Fifty-Six Thousand Seven Hundred Dollars in U.S. Currency v. State*, 730 S.W.2d 659, 661 (Tex. 1987).

In his first appellate issue, Delarosa contends the State failed to establish the necessary connection between the $5,907 and the untried charge that he possessed more than four ounces of marijuana. We disagree. The State offered evidence that the money was found in the same backpack as the marijuana and its associated paraphernalia. The arresting officer testified that the presence of the scale, spoons, and dime bags—as well as the log of transactions recording payments he had received—indicated Delarosa was selling drugs and the money was payment for those sales. Although Delarosa contended the money was payment for legitimate work, he offered no evidence other than his own testimony of such a connection. We conclude the State

established a reasonable belief that the $5,907 was substantially connected to Delarosa's possession of the marijuana. We overrule his first issue.

In his second issue, Delarosa states he has "a statutory right to compel the agency to proceed by judicial forfeiture." The complaint lacks clarity, in the first instance, because the State did proceed by judicial process. Delarosa's legal authority is not helpful either: he cites two cases addressing default judgments, although his case was not resolved by default. He also cites a case concerning the requirement of notice to satisfy due process. In his summary of argument, Delarosa states that his notice of the forfeiture proceeding was served at a residential address although the police and district attorney knew he was in federal custody. But Delarosa made no complaint concerning notice at trial. To the contrary, he appeared at trial by telephone, and he testified that he had been in contact with witnesses and with his attorney concerning gathering evidence for trial. Although Delarosa stated he thought his attorney would be present, he did not complain that he lacked notice of the nature or timing of the trial. To the extent Delarosa's second issue is a complaint that he received inadequate notice of the forfeiture proceeding, we conclude he did not preserve that complaint for our review. *See Prade v. Helm*, 725 S.W.2d 525, 527 (Tex. App.—Dallas 1987, no writ) (complaint of inadequate notice under rules of civil procedure is waived absent timely and specific objection). We overrule his second issue.

We affirm the trial court's judgment.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

131367F.P05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

FIVE THOUSAND NINE HUNDRED
AND SEVEN DOLLARS ($5,907) IN
UNITED STATES CURRENCY, Appellant

No. 05-13-01367-CV     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 160th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-06641.
Opinion delivered by Justice Francis.
Justices Myers and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee THE STATE OF TEXAS recover its costs of this appeal from NOE DELAROSA.

Judgment entered this 5th day of December, 2014.