**Affirmed and Opinion Filed August 30, 2021**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01272-CV

## IN THE INTEREST OF K.C.E. AND L.T.E., CHILDREN

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-55626-2018**

## MEMORANDUM OPINION
Before Justices Osborne, Pedersen, III, and Nowell
Opinion by Justice Osborne

Appellant Father and appellee Mother are the parents of K.C.E. and L.T.E. The trial court signed a final decree of divorce between the parties on October 16, 2019.[1] In two issues, Father argues (1) Mother failed to serve a copy of the proposed decree in accordance with civil procedure rule 21a and (2) the decree's terms differ from the parties' agreement made on the record on June 28, 2019. We affirm the trial court's judgment.

---

[1] Father's appeal was abated during bankruptcy proceedings but was reinstated on Father's motion by this Court's order of August 12, 2020.

**BACKGROUND**

Father and Mother were married in 2015. K.C.E. and L.T.E. are the parties' two children. Father filed for divorce in 2018. The parties entered into a verbal agreement, then testified on the record to the agreement's terms at a hearing on June 28, 2019. Father subsequently moved to enter a final divorce decree. At a hearing on August 23, 2019, the trial court continued the proceedings on Father's motion so that the parties could obtain the record from the June 28, 2019 hearing. At the next hearing on September 16, 2019, the trial court granted Father's counsel's motion to withdraw and again postponed hearing the motion to enter.

At the rescheduled hearing on October 16, 2019, the trial court heard the motion to enter the final decree. Father appeared pro se. He complained that he had not seen the proposed decree Mother submitted for the court's approval, but he did not request a continuance or any additional time for review.

After the hearing, the trial court signed Mother's proposed decree. This appeal followed.

## STANDARD OF REVIEW

We review the trial court's division of a community estate and its child support orders for an abuse of discretion. *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied); *Deltuva v. Deltuva*, 113 S.W.3d 882, 886 (Tex. App.—Dallas 2003, no pet.). A trial court does not abuse its discretion if there

is some evidence of a substantive and probative character to support the decision. *LaFrensen v. LaFrensen*, 106 S.W.3d 876, 877 (Tex. App.—Dallas 2003, no pet.).

In family law cases, the abuse of discretion standard of review overlaps with the traditional sufficiency standards of review; as a result, legal and factual sufficiency are not independent grounds of reversible error, but instead constitute factors relevant to our assessment of whether the trial court abused its discretion. *Moroch*, 174 S.W.3d at 857. To determine whether the trial court abused its discretion we consider whether the trial court (1) had sufficient evidence on which to exercise its discretion and (2) erred in its exercise of that discretion. *In re A.B.P.*, 291 S.W.3d 91, 95 (Tex. App.—Dallas 2009, no pet.). We then proceed to determine whether, based on the elicited evidence, the trial court made a reasonable decision. *Moroch*, 174 S.W.3d at 857.

In an appeal from a bench trial, an appellate court reviews a trial court's conclusions of law de novo and will uphold them on appeal if the judgment of divorce can be sustained on any legal theory supported by the evidence. *Reisler v. Reisler*, 439 S.W.3d 615, 619 (Tex. App.—Dallas 2014, no pet.). An appellate court may not challenge a trial court's conclusions of law for factual sufficiency, but it may review the legal conclusions drawn from the facts to determine their correctness. *Id.* If an appellate court determines that a conclusion of law is erroneous, but the trial court nevertheless rendered the proper judgment, the error does not require reversal. *Id.* at 619–20.

When the appellate record contains a complete reporter's record, an appellate court reviews the trial court's findings of fact under the same standards for legal and factual sufficiency that govern the review of jury findings. *Id.* at 620. A legal sufficiency challenge to the findings of fact fails if there is more than a scintilla of evidence to support the findings. *Id.* In conducting a factual sufficiency review, appellate courts may set aside the trial court's finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong or unjust. *Id.* In evaluating the trial court's findings of fact, an appellate court must give substantial deference to the trial court's determination of the weight and credibility of the evidence. *Id.* In a bench trial, the trial court acts as the fact finder and is the sole judge of the credibility of the witnesses. *Id.*

## DISCUSSION

### 1. Service of proposed decree

In his first issue, Father argues that Mother failed to serve "the new version" of the final decree on Father three days before the October 16, 2019 hearing as required by rule of civil procedure 21a.[2] Father does not complain he was not notified of the hearing date, and the record reflects that the motion heard was actually Father's. Father initially filed a motion to enter a final decree on July 22, 2019,

---

[2] Father also cites civil procedure rule 124 in support of his argument that he was not "properly served" with the decree. Rule 124, however, addresses service of citation on a defendant by a plaintiff. *See* TEX. R. CIV. P. 124. Here, Father was the petitioner for divorce, and all parties previously had entered appearances before the court.

–4–

submitting a draft decree prepared by his counsel. The hearing on this motion was reset several times, first to allow the parties to obtain a transcript of the hearing on the prove-up of their agreement, and subsequently because the court granted Father's counsel's request to withdraw at a hearing on September 16, 2019. Numerous motions of Father's, Mother's, and an intervenor's were set or reset for the same hearing date of October 16, 2019, including Father's motion to enter, and Father appeared without objection to lack of notice of the hearing date.

Father represented himself at the October 16, 2019 hearing. He requested that the trial court enter the draft decree prepared by his former counsel instead of Mother's proposed decree. He complained that Mother brought a new draft of the decree to the hearing without giving him time to review it, but he did not request postponement of the hearing, additional time for review, or any other relief except entry of his proposed draft. The trial court heard further argument regarding whether Mother's proposed decree "reflect[s] the agreement that was read into aux court and reflected in the transcript [of the June 28, 2019 hearing]." The trial court then signed Mother's proposed decree on October 16, 2019, the same date as the hearing.

The following day, Father filed a notice of appeal. On November 8, 2019, Father filed an "Affidavit of Exhibits of Agreed Final Divorce Decree Drafts" in the trial court. He attached a draft decree that his counsel had prepared before withdrawing, and stated that the draft was given to Mother's counsel and the court at the September 16, 2019 hearing on his counsel's motion to withdraw. He did not

identify any terms in the drafts that differed from the October 16, 2019 decree the trial court rendered. The affidavit was not made in support of any motion. Father did not request a new trial or any other relief.

In *Prade v. Helm*, 725 S.W.2d 525, 526–27 (Tex. App.—Dallas 1987, no writ), we considered a similar complaint about lack of notice. In that case, Capco Contractors, Inc., one of the appellants, complained that it did not receive sufficient notice under civil procedure rules 21 and 21a of a hearing at which the trial court imposed sanctions. *Id.* In the trial court, Capco's attorney of record appeared at the hearing and informed the trial court that he had not seen a copy of the motion for sanctions "until this morning." *Id.* at 527. After the trial court's ruling dismissing Capco's claims for abuse of discovery, counsel stated, "Note our exception." *Id.*

Quoting the rule of appellate procedure on preservation of error (then-numbered 52, now 33), we concluded Capco had not preserved its complaint of untimely notice for appellate review. *Id.* We explained, "The remarks constitute neither a specific objection to untimely notice nor a request for additional time to prepare for the hearing. Furthermore, even if Capco's remarks could be construed as either an objection to untimely notice or as a request for additional time to prepare, Capco failed to obtain a ruling from the trial court. Therefore, no error is preserved." *Id.*; *see also Odam v. Texans Credit Union*, No. 05-16-00077-CV, 2017 WL 3634274, at *4 (Tex. App.—Dallas Aug. 24, 2017, no pet.) (mem. op.) (collecting cases for proposition that to preserve a notice complaint, a party must bring the lack

–6–

of adequate notice to the trial court's attention at the hearing and object to the hearing going forward or move for a continuance).

Although Father was no longer represented by an attorney at the October 16, 2019 hearing, "[p]ro se litigants are held to the same standards as attorneys and must comply with all applicable and mandatory rules of pleading and procedure. To apply a different set of rules to pro se litigants would be to give unfair advantage over litigants represented by counsel." *In re J.P.*, 365 S.W.3d 833, 837 (Tex. App.— Dallas 2012, no pet.). Because Father did not make his complaint to the trial court and obtain a ruling or refusal to rule, he has not preserved it. TEX. R. APP. P. 33.1. We decide Father's first issue against him.

**2. Terms of decree**

In his second issue, Father complains the decree's terms differ from the parties' agreement made on the record on June 28, 2019. He argues that the child support provisions and the characterization and division of community property in the final decree "differ substantially" from the agreement. He complains that the trial court failed to verify "whether the decree adequately and accurately contained all the terms of the 'prove-up' divorce settlement agreement."

As with his first issue, Father did not make this complaint in the trial court. We considered similar circumstances in *Ricks v. Ricks*, 169 S.W.3d 523, 527–28 (Tex. App.—Dallas 2005, no pet.). In that case, a spouse ("Janci") complained on appeal that the divorce decree did not comport with the parties' mediated settlement

agreement ("MSA"). But Janci did not make the trial court aware of her specific complaints about the decree after it was entered. *Id.* at 528. Although she complained in a motion for new trial that there were discrepancies between the decree and the MSA, she did not identify them. *Id.* Because she did not "make the trial court aware of her specific objections to the decree or in what respects it failed to comply with the settlement agreement," we concluded she had not preserved her complaint for review. *Id.* (citing TEX. R. APP. P. 33.1 and *In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003)).

Similarly here, Father complains on appeal that the decree (1) does not reflect changes in his financial circumstances affecting the amount of child support he can pay, (2) allocates certain medical and dental expenses 100 percent to him instead of dividing them 50/50, (3) does not give credit for informal child support payments, (4) reveals that Mother had additional sources of income of which he was not aware, making the division of debt unfair, (5) changes the terms on which Father sells or refinances his home, and (6) as a result of these contested issues, incorrectly recites that the terms were reached by agreement. Because Father did not make any of these complaints in the trial court, he has not preserved them for our review. *See Ricks*, 169 S.W.3d at 528. We decide Father's second issue against him.

**CONCLUSION**

The trial court's judgment is affirmed.

191272f.p05

/Leslie Osborne//
LESLIE OSBORNE
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF K.C.E. AND L.T.E., CHILDREN,

No. 05-19-01272-CV

On Appeal from the 429th Judicial District Court, Collin County, Texas
Trial Court Cause No. 429-55626-2018.
Opinion delivered by Justice Osborne. Justices Pedersen, III and Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Roshanda Eady recover her costs of this appeal from appellant Jason Darrell Eady.

Judgment entered this 30th day of August, 2021.