

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00044-CV

K.T.                                                                                         APPELLANT

V.

M.T.                                                                                         APPELLEE

----------

FROM THE 90TH DISTRICT COURT OF YOUNG COUNTY
TRIAL COURT NO. 31091

----------

## CONCURRING AND DISSENTING MEMORANDUM OPINION[1]

----------

I concur with the majority's opinion regarding Wife's seventh, first, second, and third issues. But because I do not believe this court should reach the merits of Wife's fourth, fifth, and sixth issues, I must respectfully dissent from those parts of the majority's opinion.

---

[1]*See* Tex. R. App. P. 47.4.

"If an appellate court finds reversible error in any part of the trial court's property division that materially affects the just and right division of the community estate, it must remand for a new division of the entire community estate." *Reisler v. Reisler*, 439 S.W.3d 615, 620 (Tex. App.—Dallas 2014, no pet.) (citing *Jacobs v. Jacobs*, 687 S.W.2d 731, 732–33 (Tex. 1985)); *see Zeptner v. Zeptner*, 111 S.W.3d 727, 741 (Tex. App.—Fort Worth 2003, no pet.) (op. on reh'g). In sustaining Wife's third issue, we held there was error in the trial court's property division because it found that the deferred compensation account was a gift to the children, and thus, it did not consider it in determining a just and right division of the community estate. I would end the analysis there. The division of property will be retried on remand based on our disposition of that issue. Thus, any other issues implicating the division of property are not necessary to the final disposition, and we need not reach them. *See* Tex. R. App. P. 47.1. I would therefore decline to further address the merits of Wife's fourth issue regarding the property division. The same would be true concerning her fifth issue regarding spousal maintenance and her sixth issue regarding child support. *See Roberts v. Roberts*, 402 S.W.3d 833, 841 (Tex. App.—San Antonio 2013, no pet.) (en banc) ("Because the trial court cannot make a proper maintenance determination without considering the financial resources of each spouse upon dissolution of the marriage, and we are remanding the cause for a just and right division of the marital estate—which will affect the parties' financial resources—we reverse the portion of the trial court's order awarding spousal

2

maintenance. Therefore, we do not address Martin's points of error pertaining to the spousal maintenance awards."); *Vazquez v. Vazquez*, 292 S.W.3d 80, 86 (Tex. App.—Houston [14th Dist.] 2007, no pet.) ("[B]ased on our holding that insufficient evidence supports the division of the marital estate, we remand the child support determination, including the health insurance and life insurance obligations, to the trial court because such a claim may be 'materially influenced' by the property division." (quoting *Wilson v. Wilson*, 132 S.W.3d 533, 539 (Tex. App.—Houston [1st Dist.] 2004, pet. denied))).

I am also concerned that in addressing the merits of Wife's complaint regarding her child support obligation, the majority states that the trial court's award of spousal support was more consistent with its finding that Wife's "drug addiction and issues significantly contribute to her lack of ability to be employed," implying that it is therefore inconsistent with an award of child support. The trial court further recites in its findings that the physician records indicate that Wife could do some work and lists examples of activities that she has performed. I do not see how we can divine the trial court's thought process from these findings. I do not know whether its reasoning is that Wife is incapable of work due to addiction or that her addiction problems make her ability to obtain employment more problematic. Either way, it is not necessary to make that determination, and to the extent that the majority does so, I respectfully dissent.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

DELIVERED:  August 13, 2015