**AFFIRM in part and REVERSE and REMAND in part; and Opinion Filed
June 28, 2024**



**In The**
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-01248-CV

## IN THE MATTER OF THE MARRIAGE OF SREE REKHA VEDULLAPALLI AND VIVEK VELAGANDULA

**On Appeal from the 468th Judicial District Court
Collin County, Texas
Trial Court Cause No. 468-54438-2018**

## MEMORANDUM OPINION
Before Justices Smith, Miskel, and Breedlove
Opinion by Justice Smith

Husband appeals the trial court's division of property in this divorce action.

In five issues, he asserts that the trial court abused its discretion by mischaracterizing

his separate property and reconstituting and awarding a disproportionate share of the

community estate when there was legally and factually insufficient evidence of

waste, fraud, and the value of the reconstituted community assets. Concluding that

the trial court's clerical error in double-counting Husband's separate property in the

division of the community estate had the effect of mischaracterizing his separate

property, we reverse the portion of the court's judgment that divides the community

estate and remand for a new division. In all other respects, we affirm the trial court's judgment.

## Factual and Procedural Background

Husband and Wife married in February 2011.[1] In July 2018, Wife filed a petition for divorce; Husband filed a counterpetition in August. At the time of trial, each of their live pleadings alleged, among other things, constructive fraud and wasting of community assets by the other spouse and sought a reconstitution of the community estate to its full value and an award of a disproportionate share of the estate.

In April 2022, the trial court held a bench trial on the parties' property division issues. Shortly thereafter, the court signed a memorandum ruling in which it granted a divorce on the ground of insupportability and stated its findings that: (1) Husband committed fraud on the community estate by depleting or wasting community assets during the marriage and, therefore, the community estate should be reconstituted to account for the waste; and (2) because of the waste and Husband's purposeful actions to cause delays in the proceedings and increased litigation expenses, Wife should be awarded a disproportionate share of the estate. The trial court attached a spreadsheet showing its property division as an exhibit to its ruling.

---

[1] They have two children, but the child-related provisions of the decree are not at issue in this appeal.

Both Husband and Wife filed motions to clarify the trial court's ruling and motions to enter a final divorce decree. Following a brief hearing on the motions to enter, the trial court signed a decree on October 18.

Husband filed a motion to modify, correct, or reform judgment or, in the alternative, motion for judgment nunc pro tunc requesting correction of clerical errors, including the omission of the trial court's property division spreadsheet as an exhibit to the decree. On December 2, the trial court signed an order entering a judgment nunc pro tunc. The judgment reflects the trial court's division of the parties' real estate,[2] bank accounts, retirement and investment accounts, motor vehicles, and other personal property. The judgment confirms $46,000 in a Merrill Edge retirement account (Merrill Edge IRA) as Husband's separate property. The judgment also included a finding that Husband committed fraud on the community estate by depleting the community of assets and wasting community assets during the marriage. Consistent with that finding, the judgment reconstituted the community estate by $169,805.31, which comprised (1) $71,483.33 for Husband's depletion of the Merrill Edge IRA, (2) $81,321.98 for the dissolution of Husband's interest in A1 Innovative Holdings Group, LLC, and (3) $17,000 for Husband's unpaid medical expenses for the children. The trial court also awarded a disproportionate share, 60.67 percent, of the community estate to Wife.

---

[2] During trial, the parties waived the court's consideration of a property in India and agreed to pursue all claims related to that property in litigation already pending in India. The trial court's judgment accepted and adopted the parties' agreement.

On December 14, the trial court signed Findings of Fact and Conclusions of Law.  Relevant to this appeal, the trial court made the following conclusions of law:

> The Court found [Husband] committed fraud on the community estate based on the credible evidence presented at trial;
>
> The Court ordered a reconstitution of the community estate due to the fraud committed by [Husband] on the community estate;
>
> The Court ordered, based on the credible evidence, a reconstitution of the community estate due to the wasting of community assets committed by [Husband];
>
> Based on the credible evidence presented at trial, the Court ordered [Wife] receive a disproportionate share of the community estate;
>
> Based on the credible evidence presented at trial, the Court ordered the disproportionate share of the community estate be awarded 60.67% to [Wife] and 39.32% to [Husband];
>
> Based on the credible evidence presented at trial, the Court confirmed the separate property of [Husband]; and
>
> The Court finds based on the credible evidence that the division of the parties' marital estate was a just and right division.

This appeal followed.

## Division of Property

In a divorce decree, the trial court must order a division of the community estate "in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage."  TEX. FAM. CODE ANN. § 7.001.  The trial court has broad discretion in dividing the estate and may order an unequal division if it is equitable.  *Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981); *In re Marriage of C.A.S. & D.P.S.*, 405 S.W.3d 373, 384 (Tex. App.—Dallas 2013,

—4—

no pet.). In making its determination, the trial court may consider many factors, including fraud or waste of community assets by one of the spouses. *See Schlueter v. Schlueter*, 975 S.W.2d 584, 589 (Tex. 1998); *In re K.N.C.*, 276 S.W.3d 624, 629 (Tex. App.—Dallas 2008, no pet.) (in making just and right division, trial court may consider spouse's dissipation of community estate and/or misuse of community property).

### 1. Standard of Review

We review the trial court's division of a community estate for an abuse of discretion. *Slicker v. Slicker*, 464 S.W.3d 850, 857 (Tex. App.—Dallas 2015, no pet.); *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied). In family law cases, the abuse of discretion standard overlaps with the traditional sufficiency standards; legal and factual sufficiency are not independent grounds of reversible error, but constitute factors relevant to our assessment of whether the trial court abused its discretion. *Moroch*, 174 S.W.3d at 857. To determine whether the trial court abused its discretion, we consider whether it (1) had sufficient evidence on which to exercise its discretion and (2) erred in its exercise of that discretion. *Id.* We then proceed to determine whether, based on the elicited evidence, the trial court made a reasonable decision. *Id.* A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision. *Id.*

In an appeal from a bench trial, we review a trial court's conclusions of law de novo and uphold them if the judgment can be sustained on any legal theory supported by the evidence. *Reisler v. Reisler*, 439 S.W.3d 615, 619 (Tex. App.—Dallas 2014, no pet.). We review the trial court's findings of fact under the same standards for legal and factual sufficiency that govern the review of jury findings, giving substantial deference to the trial court's determination of the weight and credibility of the evidence. *Id.* at 620. In evaluating a legal sufficiency challenge, we credit evidence that supports the finding if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *Slicker*, 464 S.W.3d at 857. Anything more than a scintilla of evidence renders the finding legally sufficient. *Reisler*, 439 S.W.3d at 620. In conducting a factual sufficiency review, we examine all the evidence in the record, both supporting and contrary to the trial court's finding, and set aside a finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong or unjust. *Slicker*, 464 S.W.3d at 857–58.

## 2. Constructive Fraud

In his second, third, and fourth issues, Husband asserts that the trial court's reconstitution and disproportionate division of the community estate due to his fraud and wasting of community assets are not supported by legally or factually sufficient

evidence.[3]  In a fifth issue, he contends, additionally or alternatively, that there is insufficient evidence to support the trial court's valuation of the reconstituted community estate.

Constructive fraud, or waste, may be shown when one spouse unfairly deprives the other of the benefit of community property.  *Strong v. Strong*, 350 S.W.3d 759, 771 (Tex. App.—Dallas 2011, pet denied); *see also Schlueter*, 975 S.W.2d at 589 (waste of community assets occurs when one spouse, without the other's knowledge or consent, wrongfully depletes community assets).  "A presumption of constructive fraud arises where one spouse disposes of the other spouse's interest in community property without the other spouse's knowledge or consent."  *Strong*, 350 S.W.3d at 771.  When the presumption arises, the burden of proof shifts to the spouse who disposed of the interest to prove the fairness of the disposition.  *In re M.H.A.*, No. 05-20-00787-CV, 2022 WL 2527003, at *2 (Tex. App—Dallas July 7, 2022, no pet.) (mem. op.).  Constructive fraud claims often are premised on specific transfers or gifts of community property to a third party, but also may arise when there is evidence of community funds unaccounted for by the spouse in control of those funds.  *Id.*

When a trial court determines that one spouse has committed fraud on the community estate, the court may reconstitute the estate and award a disproportionate

---

[3]  Husband challenges the trial court's findings of fraud and waste.  The findings appear within the trial court's conclusions of law, but the designation is not controlling and we may treat them as findings of fact.  *See Slicker*, 464 S.W.3d at 860–61 (citing *Ray v. Farmers' State Bank of Hart*, 576 S.W.2d 607, 608 n.1 (Tex. 1979)).

amount of the estate to the other spouse. *See Cantu v. Cantu*, 556 S.W.3d 420, 427 (Tex. App.—Houston [14th Dist.] 2018, no pet.). The trial court must calculate the "value by which the community estate was depleted as a result of the fraud on the community" and "the amount of the reconstituted estate." TEX. FAM. CODE § 7.009(b)(1). The "reconstituted estate" is the total value of the community estate that would have existed had a fraud on the community not occurred. *Id.* § 7.009(a). The court then must divide the value of the reconstituted estate between the parties in a manner that is just and right. *Id.* § 7.009(b)(2). The trial court may grant any legal or equitable relief necessary to accomplish a just and right division. *Slicker*, 464 S.W.3d at 858–59 (citing § 7.009(c)).

Here, the trial court determined that Husband committed fraud and wasted the community estate based on the credible evidence presented at trial and ordered a reconstitution of the estate related to the Merrill Edge IRA, dissolution of his interest in A1 Innovative, and unpaid medical expenses. According to Husband, the evidence does not support findings of constructive fraud on any of these three bases.[4]

### A. Merrill Edge IRA

The evidence at trial showed that the Merrill Edge IRA had a balance of $491,466.44 as of September 30, 2021, and a balance of $419,982.67 as of March 11, 2022. The account statements for these months were not exhibits at trial, but the

---

[4] There was considerable evidence at trial relevant to the parties' marriage and property. Because Husband's appeal concerns only the trial court's property division related to the Merrill Edge IRA, dissolution of his interest in A1 Innovative, and unpaid medical expenses, we limit our discussion to those matters in this opinion.

balances, respectively, were included in Husband's sixth and seventh amended inventories and appraisements, which were admitted into evidence.[5] Husband acknowledged that the losses to the account were significant. However, he testified that he had nothing to do with the losses because he had not made any withdrawals or changes to the account. Instead, he described the balance as "[w]hatever the market value condition dictates." When asked why he had not provided statements to explain the change in balance, Husband responded that "[t]here was no statement produced by her [sic] Merrill Lynch. Whenever I could, I provided that."

Husband contends that the trial court was not free to disregard his uncontroverted testimony that he made no withdrawals or changes to the account. It is true that a factfinder "cannot ignore undisputed testimony that is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily controverted." *City of Keller v. Wilson*, 168 S.W.3d 802, 820 (Tex. 2005). However, when a husband or wife testifies in a divorce action, the factfinder is charged with determining their credibility and the weight to be given their testimony. TEX. FAM. CODE § 6.704(b). Further, the factfinder is "not "compelled to believe uncontroverted testimony that is suspicious or that comes from an interested or biased source." *Hamilton v. Hamilton*, No. 02-19-00211-CV, 2020 WL 6498528, at *4 (Tex. App.—Fort Worth Nov. 5, 2020, no pet.) (mem. op.).

---

[5] Several account statements from earlier years were admitted into evidence.

–9–

In this case, the trial court clearly was in the best position to observe Husband and Wife and make a credibility determination. The Merrill Edge IRA was in his name, and Wife testified that he managed the finances during the marriage and she did not have access to the various accounts. Crediting Wife's testimony, the trial court reasonably could have surmised that she was unable to readily controvert his testimony. Further, the trial court reasonably could have determined that Husband's testimony, including his assertion that account statements were not provided, was not credible. *See e.g.*, *Miller v. Miller*, No. 14-17-00293-CV, 2018 WL 3151241, at *8 (Tex. App.—Houston [14th Dist.] June 28, 2018, no pet.) (mem. op.) (with benefit of observing husband's conduct, character, and demeanor, trial court was not required to credit his testimony that all community funds disposed of were used for community purposes).

Citing internet articles not admitted into evidence, Husband also asserts that the losses to the account were "supported by commonly known market conditions at the time." The only related evidence at trial, however, was Husband's general testimony that market conditions "dictate[d]" the account balance; there was no evidence in the record regarding those conditions and how they impacted his account.

On this record, the trial court was entitled to conclude that Wife, through Husband's own inventories and appraisements, demonstrated an unaccounted loss of over $70,000 from the Merrill Edge IRA during a seven-month period prior to

trial. We conclude the evidence is legally and factually sufficient to support a presumption of constructive fraud. *See, e.g.*, *Puntarelli v. Peterson*, 405 S.W.3d 131, 140 (Tex. App.—Houston [1st Div.] 2013, no pet.) (husband's failure to account for or explain depletion of community funds in his control during pendency of divorce was sufficient to shift burden to him to establish fairness). And, deferring to the trial court's credibility determinations, we also conclude that there is legally and factually sufficient evidence to support the finding that Husband failed to rebut the presumption of constructive fraud by proving that fairness. *See In re M.H.A.*, 2022 WL 2527003, at *2–3 (state of evidence fully supported court's determination that husband constructively defrauded the community estate when there was credible proof that he disposed of over $300,000 in community property without wife's knowledge or consent and he offered no credible evidence to rebut that presumption).

Husband also challenges the trial court's valuation of the Merrill Edge IRA for purposes of reconstituting the community estate, citing the lack of evidence of improper withdrawals from the account and the trial court's failure to consider evidence of earlier account statements showing substantial gains to the account during the marriage. Evidence of specific withdrawals from the account was not necessary; it was sufficient for Wife to present evidence of community funds unaccounted for by Husband, who had control over them. *See id.* Here, the trial court reconstituted the community estate by $71,483.33, the difference between the

account balance as of September 30, 2021, and the balance as of March 11, 2022, the month before trial. We conclude the trial court properly exercised its discretion in doing so and that there is legally and factually sufficient evidence to support its calculation of the value by which the community estate was depleted as a result of Husband's constructive fraud. *See* TEX. FAM. CODE § 7.009(b).

### B. A1 Innovative

The evidence showed that A1 Innovative, a limited liability company formed in February 2018, owned an office building rental property in Plano, Texas. In March 2018, Husband paid $25,000 to join A1 Innovative and, along with two friends, was a member and manager. During a December 2018 deposition, Husband acknowledged that his investment was made with community funds. He also testified that he received monthly distributions of "maybe $3,000." He testified differently at trial, explaining that a distribution was paid to A1 Innovative and not to him. According to Husband, whatever he received or paid would be "in the statements," but no such statements were admitted into evidence. He could not recall whether A1 Innovative was profitable.

Husband further testified that he was suddenly removed from A1 Innovative in 2019. An undated letter by Srinivas Rao Manchala, as manager of A1 Real Estate Holdings, advised that Husband would be "removed from Al Real Estate Partnership

Holdings" and that the matter had been discussed with him on January 25, 2019.[6] The letter further advised that Husband would be paid $1,200 "as dues owed to [him] from A1 Real Estate Partnership Holdings."

Husband explained that each member owed dues for a mortgage, taxes, and maintenance fees. He had been unable to "keep up" with his dues, so the other members had to "let him go." They applied his equity to amounts he owed and the $1,200 he received as part of the buyout was what remained.

It is unclear from the record when Husband actually was removed. He testified that he was not removed until "well over a year" had passed without him paying his dues. A Texas Franchise Tax Public Information Report, dated May 11, 2019, reflected that he remained a member at that time. A Certificate of Amendment, executed December 27, 2021, and filed with the Texas Secretary of State on January 4, 2022, deleted Husband as manager, noting that he resigned.

Wife testified that Husband never discussed A1 Innovative with her or disclosed the $25,000 investment. Husband asserts that the evidence demonstrates that, although he lost community funds in an investment, he did not dispose of his interest in A1 Innovative in a manner that deprived Wife of the use of community property. We disagree.

---

[6] Manchala also was a member of A1 Innovative, and there is no other mention of A1 Real Estate Holdings or A1 Real Estate Partnership Holdings in the record. At times, both Husband and counsel mistakenly referred to A1 Innovative as a partnership and Husband as a partner, but the evidence shows that he was a member and manager of A1 Innovative.

A spouse's "good faith, but unwise, investment of community funds resulting in losses to the community estate" will not justify an unequal distribution of the remaining community property. *Andrews v. Andrews*, 677 S.W.2d 171, 175 (Tex. App.—Austin 1984, no writ) (reversing and remanding for division of community property when there were no findings that husband's investment of community funds in real estate was tantamount to fraud on the community); *see also Connell v. Connell*, 889 S.W.2d 534, 544 (Tex. App.—San Antonio 1994, writ denied) (trial court properly withdrew proposed jury issue regarding waste of community assets; although evidence showed husband's business venture lost money and took bankruptcy, it did not show that he wasted community assets). In this case, however, the evidence does not simply show an unwise investment. Instead, Husband invested $25,000 in A1 Innovative in March 2018 and, according to his testimony, stopped paying dues required to maintain that ownership interest within months.[7] There is no evidence of the dues Husband was required to pay, but the trial court reasonably could have believed that he had the means to continue paying them to maintain his membership.[8] Further, Husband's trial testimony was inconsistent with his deposition testimony that he was receiving distributions. The trial court reasonably could have believed that deposition testimony, which indicated that he was a

[7] During this same time, Husband was bound by the trial court's temporary orders, which prohibited the parties from "destroying, removing, concealing, encumbering, transferring, or *otherwise harming or reducing the value of the property of one or both of the parties*." (Emphasis added).

[8] The trial court heard considerable evidence regarding the parties' income and expenses, including Husband's testimony that he earned about $130,000 per year and Wife's testimony that Husband earned close to $150,000, he also had side contracts, and it was common for him to have more than one job.

–14–

member in good standing, and disbelieved that, within a month of giving that deposition (and less than a year after his investment), he had lost all but $1,200 of his equity and had to be removed.

Deferring to the trial court's credibility determinations, we conclude that there is legally and factually sufficient evidence that Husband's conduct as an A1 Innovative member and the equivocal circumstances of his removal resulted in a wrongful depletion of community assets, without Wife's knowledge, and supports a presumption of constructive fraud. We likewise conclude that there is legally and factually sufficient evidence to support the trial court's determination that Husband failed to rebut the presumption by demonstrating that the depletion was fair to the community estate.

Husband also challenges the trial court's valuation of his interest in A1 Innovative to reconstitute the community estate. According to Husband, the court's valuation was "based on demonstrably flawed presumptions," unsupported by any documentary evidence or expert testimony, and failed to account for any interest portion of the Plano property mortgage.

Wife's fourth amended inventory and appraisement included the Plano property with a net equity valuation of $246,430.45 as of November 6, 2021. The valuation is derived from Husband's October 1, 2018, inventory and appraisement, which also included the Plano property and assigned it a current fair market value of

$425,757 with a net equity value of $125,339.[9] Wife's valuation increased the net equity reflected in Husband's earlier valuation by accounting for additional payments likely applied to the mortgage given the loan's stated terms. Wife introduced, and the trial court admitted, both inventories and appraisements into evidence. The trial court reconstituted the community estate by $81,321.98, approximately one-third of $246,430.45, to represent Husband's interest in A1 Innovative.[10]

Each party in a divorce proceeding is responsible for producing evidence of the value of various properties to provide the trial court with a basis upon which to make its division. *Howe v. Howe*, 551 S.W.3d 236, 254 (Tex. App.—El Paso 2018, no pet.); *Aduli v. Aduli*, 368 S.W.3d 805, 820 (Tex. App.—Houston [14th Dist.] 2012, no pet.). A sworn inventory and appraisement admitted at trial that is uncontradicted by the opposing party constitutes evidence on which the trial court may base its valuation of the parties' property. *See Poydras v. Poydras*, No. 02-22-00152-CV, 2023 WL 415804, at *8 (Tex. App.—Fort Worth Jan. 26, 2023, no pet.) (mem. op.); *e.g.*, *Aduli*, 368 S.W.3d at 820 (recognizing sworn inventory as evidence relevant to division of marital property when offered and admitted into evidence).

---

[9] Husband calculated his October 1, 2018 net equity valuation of $125,339 by subtracting the mortgage balance as of September 18, 2018 ($300,418) from the property's fair market value as of the same date ($425,757). In an April 22, 2019, first amended inventory and appraisement, Husband included A1 Innovative as a closely held business interest and investment with a value of $0 to the community estate. He omitted A1 Innovative entirely from subsequent amended inventories and appraisements.

[10] The spreadsheet attached as an exhibit to the trial court's judgment reflects the court's intent to reconstitute "1/3 of $246,430.25," which would be $82,143.48.

Generally, "when a party does not provide values for property to be divided, that party may not complain on appeal that the trial court lacked sufficient information to properly divide the property." *Deltuva v. Deltuva*, 113 S.W.3d 882, 887 (Tex. App.—Dallas 2003, no pet.); *Slicker*, 464 S.W.3d at 858.

Here, Husband was present at trial and testified. He presented evidence that, at some point, he had been removed as a member and no longer retained an interest in A1 Innovative, but the trial court obviously did not find the evidence credible. Further, Husband did not contradict Wife's sworn valuation of the Plano property, which she derived from a valuation he previously provided, or present any other evidence on which the trial court could value his interest in A1 Innovative. Accordingly, we conclude that there was legally and factually sufficient evidence to support the trial court's valuation of that interest for purposes of reconstituting the community estate. *See Aduli*, 368 S.W.3d at 820; *Reyes v. Reyes*, 458 S.W.3d 613, 620 (Tex. App.—El Paso 2014, no pet.).

### C. Medical Expenses

Husband contends that the trial court erred in reconstituting the community estate by $17,000 after finding "waste where [Husband] had failed to reimburse [Wife] for uninsured medical expenses." Husband asserts that the claim is miscast because Wife sought the medical expenses via an enforcement of the trial court's temporary orders and his failure to pay the expenses did not constitute waste. He also challenges the valuation of the claim.

–17–

The party complaining of a property division bears the burden of showing from the evidence that the division was so unjust and unfair as to constitute an abuse of discretion. *Slicker*, 464 S.W.3d at; *In re Marriage of C.A.S.*, 405 S.W.3d at 384. Here, the trial court's temporary orders provided that Wife and Husband each pay fifty percent of their children's unreimbursed health-care expenses. Wife testified that she had presented invoices for the children's medical expenses to Husband, requesting a total just under $11,000. She also testified that there had been additional new invoices. According to Wife, Husband typically did not respond when she forwarded the invoices and, if he did, he responded that she "deserved to pay" or that it was because of her that the children were being "put through this."

The trial court reconstituted the community estate by $17,000 (the total amount of the children's documented medical expenses plus approximately $6,000 based on Wife's testimony that there were additional expenses). However, the amount reconstituted was less than two percent of the parties' $914,623.41 net community estate, and we conclude that Husband has not shown that the division was so unjust and unfair as to constitute an abuse of discretion. Alternatively, to the extent that the trial court erred, we conclude that Husband cannot show that the error had more than a de minimis effect on the just and right division of the community estate. *See In re I.P.*, No. 05-22-00577-CV, 2023 WL 5215254, at *6 (Tex. App.—Dallas Aug. 15, 2023, no pet.) (mem. op.); *Rice v. Rice*, No. 02-21-00413-CV, 2023 WL 109817, at *9 (Tex. App.—Fort Worth Jan. 5, 2023, no pet.) (mem. op.)

–18–

("[E]rrors that have a *de minimis* effect on the division, such as in the range of two to three percent, do not require reversal and remand.").

### D. Disproportionate Division

In his fourth issue, Husband contends the trial court abused its discretion in disproportionately dividing the community estate by awarding 60.67 percent to Wife. Specifically, he asserts that, due to a lack of legally or factually sufficient evidence to support the trial court's findings of fraud and waste, the disproportionate division cannot stand. Because, as discussed above, there was sufficient evidence to support the trial court's finding of constructive fraud, we conclude Husband's fourth issue lacks merit.

In summary, the trial court is afforded broad discretion in dividing the community estate, and we must indulge every presumption in favor of the trial court's proper exercise of discretion. *See Schlueter*, 975 S.W.2d at 589; *In re Marriage of C.A.S.*, 405 S.W.3d at 384. A court may take into account a spouse's dissipation of the community estate when making a just and right division, *Slicker*, 464 S.W.3d at 862, and, as discussed above, there was evidence to support the trial court's findings that Husband committed constructive fraud. The evidence likewise supports the trial court's valuation of the reconstituted community estate and disproportionate division of the community estate. We conclude that the trial court had sufficient evidence on which to exercise its discretion and made a reasonable

decision.  *See In re Marriage of C.A.S.*, 405 S.W.3d at 383.  Accordingly, we overrule Husband's second, fourth, and fifth issues.

### 3. Actual Fraud

In his third issue, Husband asserts that there is legally and factually insufficient evidence to support a finding of actual fraud.  Although the trial court made a finding of fraud, its findings of fact and conclusions of law make no reference to actual fraud and there is no specific finding of fraudulent intent, which is required for an actual fraud claim.  *See Strong*, 350 S.W.3d at 771 (explaining that a spouse commits actual fraud by transferring community property or expending community funds for the primary purpose of depriving the other spouse of the use and enjoyment of the property).  Further, Wife's live petition at the time of trial alleged constructive fraud, but not actual fraud.  Accordingly, we conclude that the trial court's findings of fact and conclusions of law refer only to constructive fraud and, therefore, we need not address Husband's third issue.

## Mischaracterization of Property

In his first issue, Husband contends that the trial court abused its discretion in mischaracterizing his separate property.  We agree.

The trial court confirmed that $46,000 of the $419,982.67 balance in the Merrill Edge IRA was Husband's separate property.  The court, however, also divided the entire account balance in its division of the community estate, awarding $254,982.67 to Husband and $165,000 to Wife.  This duplication error resulted in a

mischaracterization of Husband's separate property and a more disproportionate division of the community estate, which favored Wife. When we conclude that a trial court mischaracterized separate property as community property, the error is by definition harmful and we must reverse and remand. *In re S.B.H.*, No. 05-14-00585-CV, 2016 WL 462495, at *6, n.3 (Tex. App.—Dallas Feb. 5, 2016, no pet.) (mem. op.); *Dahl v. Dahl*, No. 05-07-01338-CV, 2009 WL 866199, at *2 (Tex. App.—Dallas Apr. 2, 2009, no pet.) (mem. op.). Therefore, we reverse that portion of the trial court's judgment that divides the community estate and remand to the trial court for a new property division. *See Jacobs v. Jacobs*, 687 S.W.2d 731, 732–33 (Tex. 1985); *Reisler*, 439 S.W.3d at 620. We sustain Husband's first issue.

## Conclusion

Because the trial court mischaracterized Husband's separate property in the Merrill Edge IRA, we reverse that portion of the decree that divides the community estate and remand for a new property division in accordance with this opinion. In all other respects, we affirm the trial court's judgment.

/Craig Smith/
CRAIG SMITH
JUSTICE

221248F.P05

–21–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE MATTER OF THE
MARRIAGE OF SREE REKHA
VEDULLAPALLI AND VIVEK
VELAGANDULA

No. 05-22-01248-CV      V.

On Appeal from the 468th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 468-54438-
2018.
Opinion delivered by Justice Smith.
Justices Miskel and Breedlove
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment that divides the community estate. In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 28th day of June 2024.